[No. B125203. Second Dist., Div. Seven. Aug. 4, 1999.]

YONG S. KIM, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and CALIFORNIA
COMPENSATION INSURANCE COMPANY, Respondents.

**COUNSEL**

Tennenhouse & Minassian, Edvin E. Minassian and Bita Adham for Petitioner.

Charton, Vermes & Rovenger, Jack J. Rovenger, Denise Lloyd Clem; Horvitz & Levy, Christina J. Imre and Ari R. Kleiman for Respondents.

**OPINION**

**NEAL, J.**—

### SUMMARY

The statutory ceiling on workers' compensation reimbursements for expenses arising from or associated with vocational rehabilitation applies to expenses for interpreters needed during rehabilitation training. The ceiling applies equally to all persons, regardless of race, national origin, or any other differences, and there is no evidence that it was intended to discriminate against any group. Hence the ceiling does not violate the equal protection clause of the Fourteenth Amendment.

### FACTS AND PRIOR PROCEEDINGS

Petitioner Yong Kim injured his right arm while working. He was found entitled to vocational rehabilitation services paid for through workers' compensation. Kim speaks only Korean and requires the assistance of an interpreter for all vocational training classes and activities. Kim claims that interpreter services would cost $5,000 per month (we find no support for this in the record).

Employer liability for vocational rehabilitation expense is capped at $16,000 under Labor Code section 139.5. Kim contended that interpreter expenses associated with his rehabilitation should not be included among the expenses subject to the $16,000 cap.

The rehabilitation unit of the Workers'Compensation Appeals Board ruled that the interpreter fees were subject to the cap. A workers' compensation judge (WCJ) disagreed. Thereafter the Workers' Compensation Appeals Board (Board) reversed the WCJ and ruled that the interpreter expenses were subject to the statutory cap. Kim petitioned this court for review. We initially denied the petition. Kim then petitioned the Supreme Court, which directed us to grant a writ of review.

We granted review, heard argument, and now address the petition.

## DISCUSSION

Section 139.5 of the Labor Code requires the Administrative Director of the Division of Workers' Compensation (Lab. Code, § 110, subd. (b)) to establish a "vocational rehabilitation unit." The unit is required to undertake various duties respecting vocational rehabilitation. One duty is to develop a fee schedule, with the object of reducing the cost of vocational rehabilitation services by 10 percent from the levels paid in 1989. (Lab. Code, § 139.5, subd. (a)(5).)

Labor Code section 139.5, subdivision (c) provides for payment to injured employees of a "rehabilitation maintenance allowance," and in addition specifies: "The employee shall also receive additional living expenses necessitated by the vocational rehabilitation services, together with all reasonable and necessary vocational training, at the expense of the employer, *but in no event shall the expenses, counseling fees, training, maintenance allowance, and costs associated with, or arising out of, vocational rehabilitation services . . . exceed $16,000.*" (Italics added.)

The $16,000 rehabilitation ceiling was one of several reforms intended to reduce the cost of California's workers' compensation system. In his message confirming signature of the legislation the Governor asserted that excessive workers' compensation expenses had cost California 60,000 jobs per year. (The signature message is reprinted in the historical and statutory notes, 42 West's Ann. Ins. Code (1999 pocket supp.) § 675, p. 37.)

 Kim argues that the cost cap does not apply to interpreter fees needed in connection with vocational rehabilitation because Labor Code section 139.5, subdivision (c) does not specifically list interpreter fees as a cost subject to the cap.

The Board, however, construed the statutory cap as applicable to interpreter fees, and the Board's construction of statutes involving workers'

compensation is " 'entitled to significant respect upon judicial review.' " (*Avalon Bay Foods* v. *Workers Comp. Appeals Bd.* (1998) 18 Cal.4th 1165, 1174 [77 Cal.Rptr.2d 552, 959 P.2d 1228].)

Moreover, the board's construction is in accord with the plain language of the statute, which specifies an intent to broadly include within the cap *all* expenses and costs *associated with or arising out of* vocational rehabilitation services. Further, a broad interpretation of this inclusive language carries out the statutory goal of cutting costs.

The interpreter expenses Kim seeks are "associated with or arise out of" the vocational rehabilitation he seeks, and are thus subject to the statutory cap.

■ Kim next argues that the cap as applied to him violates the equal protection clauses of the federal and state Constitutions. He argues that the cap discriminates against persons who speak only Korean.

■ The equal protection clause forbids a state to "deny to any person within its jurisdiction the equal protection of the laws." The clause prohibits certain "discriminatory classifications" of persons or groups. (*Clark* v. *Jeter* (1988) 486 U.S. 456, 461 [108 S.Ct. 1910, 1914, 100 L.Ed.2d 465]). Discriminatory classifications usually are lawful if rationally based, but discrimination based on "suspect" classifications, such as race or national origin, is subject to heightened judicial scrutiny. (*Ibid.*)

Most laws which run afoul of the equal protection clause discriminate explicitly between groups of people, but the clause also might apply to laws which, though evenhanded on their face, in operation have a disproportionate impact on certain groups. (For example, a required minimum height for police officer candidates may disproportionately impact female candidates.)

But neither explicit discrimination nor discrimination by "disparate impact" is unconstitutional unless motivated at least in part by purpose or intent to harm a protected group. (*Arlington Heights* v. *Metropolitan Housing Corp.* (1977) 429 U.S. 252, 265 [97 S.Ct. 555, 563, 50 L.Ed.2d 450] ["Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause"]; *Washington* v. *Davis* (1976) 426 U.S. 229, 242 [96 S.Ct. 2040, 2049, 48 L.Ed.2d 597] ["Disproportionate impact . . . is not the sole touchstone of an invidious racial discrimination forbidden by the Constitution. Standing alone, it does not trigger the rule that [suspect] classifications are to be subjected to the strictest scrutiny . . . ."]; *People* v. *Superior Court* (*Williams*) (1992) 8 Cal.App.4th 688, 711 [10 Cal.Rptr.2d

873] [" ' "[O]fficial action [is] . . . not . . . unconstitutional solely because it results in a racially disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. . ." ' "].)

In the present case there is no explicit discrimination. Labor Code section 139.5 does not establish separate or distinct classifications of persons, whether citizens, lawfully resident aliens, illegal aliens, or otherwise. All persons are treated equally. Each injured person, whatever his race or national origin, and without regard to his citizenship or alienage, is entitled to recoup a maximum of $16,000 of expenses arising from or associated with vocational rehabilitation.

Further, Kim made no showing that Labor Code section 139.5's expense cap disproportionately impacts a protected class of persons. He offered evidence only that the cap affects *him*, because he does not speak English. But this is insufficient to show the ceiling disproportionately affects some *group*.

Moreover, and crucially, even had Kim demonstrated that the expense cap disproportionately impacts a protected class, he offered no evidence of a legislative purpose or intent to discriminate. The statute itself, and the legislative history, negate such a claim, and demonstrate instead that the purpose of the cap was to reduce the cost of workers' compensation insurance and thus enhance California's economic competitiveness. Kim offered no contrary evidence that the cap was intended to limit access to vocational rehabilitation for non-English-speaking workers. Such evidence, as noted above, is necessary to show a violation of the equal protection clause.

## DISPOSITION

The petition for review is denied.

Johnson, Acting P. J., and Woods, J., concurred.